IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MAFOA E. LANGI FATANI,<br><br>    Plaintiff,<br><br>vs.<br><br>INTERNAL REVENUE SERVICE,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DISMISSING COMPLAINT FOR LACK OF JURISDICTION AND CLOSING CASE<br><br><br><br>Case No. 2:09-CV-139 TS |

Plaintiff, proceeding pro se and in forma pauperis, filed this Complaint on February 1, 2009. Along with the Complaint, Plaintiff filed a Motion for Service of Process and a Motion to Appoint Counsel. Having completed the screening process set out in 28 U.S.C. § 1915, the Court finds that it lacks jurisdiction over this matter and, therefore, it must be dismissed. As a result of this ruling, Plaintiff's remaining motions are moot.

I.  BACKGROUND

Plaintiff brings this action against the Internal Revenue Service ("IRS"). Plaintiff alleges that in 2006, he received a refund which was overpaid. As a result of this overpayment, Plaintiff alleges that the IRS has withheld his 2007 refund and stimulus check, and has begun levying his

1

social security disability benefits.  Plaintiff seeks a refund of his 2007 taxes, a stimulus check, and seeks to prevent the IRS from continuing to levy his social security disability benefits.

## II.  DISCUSSION

"Few tenets of federal jurisprudence are more firmly established than the principle that 'federal courts . . . are courts of a limited jurisdiction.'"[1]  "To ensure its Article III power is exercised properly, a federal court must, 'in every case and at every stage of the proceeding, satisfy itself as to its own jurisdiction.'"[2]

"It is well settled that the United States . . . [is] immune from suit, unless sovereign immunity has been waived."[3]  When the United States is a defendant in an action by a taxpayer, the taxpayer has the burden of showing an explicit waiver of sovereign immunity as a prerequisite to federal court jurisdiction.[4]  The United States has conditionally waived sovereign immunity for tax refund suits where the tax payer first seeks administrative remedies from the IRS.  "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary . . . ."[5]

---

[1] *Mires v. United States*, 466 F.3d 1208, 1211 (10th Cir. 2006) (quoting *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 8 (1799)).

[2] *Id*. (quoting *Citizens Concerned for Separation of Church and State v. City and County of Denver*, 628 F.2d 1289, 1301 (10th Cir. 1980)).

[3] *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989).

[4] *Lonsdale v. United States*, 919 F.2d 1440, 1444 (10th Cir. 1990).

[5] 26 U.S.C. § 7422(a).

Here, Plaintiff has failed to allege that he sought the administrative relief necessary to establish a waiver of sovereign immunity. As a result, the Court is without subject matter jurisdiction.

To the extent that Plaintiff seeks injunctive relief, the Court is also without subject matter jurisdiction. Subject to certain exceptions, the Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person."[6] The purpose of the Anti-Injunction Act "is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund."[7]

Plaintiff has not alleged that any exception to the Anti-Injunction Act is present here. The Tenth Circuit has recognized that if a taxpayer files a claim in a federal district court that falls within the ambit of the Anti-Injunction Act and no exception applies, the court must dismiss the claim for lack of subject matter jurisdiction.[8]

### III.  CONCLUSION

Based on the above, the Court finds that the Court lacks jurisdiction over Plaintiff's Complaint. It is therefore

ORDERED that Plaintiff's Complaint (Docket No. 1) is DISMISSED. It is further

---

[6] *Id*. § 7421(a).

[7] *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962).

[8] *Ambort v. United States*, 392 F.3d 1138, 1140-41 (10th Cir. 2004).

ORDERED that Plaintiff's Motion for Service of Process (Docket No. 4) and Plaintiff's Motion to Appoint Counsel (Docket No. 5) are DENIED AS MOOT.  The Clerk of the Court is directed to close this case forthwith.

DATED   March 23, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge